UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

FILED

SEP 18 2019

Clerk, U.S. District Court
Eastern District of Tennessee
At Chattanooga

ERIC LEMOINE, et al.,

Plaintiffs,

v.

MOSSBERG CORPORATION, et al.,

Defendants.

Misc. Case No.: 1:19mc40

Mattice/Steger

## DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON NON-PARTY SDS IMPORTS, LLC

Come now Defendants Mossberg Corporation and O.F. Mossberg & Sons, Inc. (collectively, "Mossberg"), by and through counsel of record, pursuant to Fed. R. Civ. P. 45, and requests that this Court enter an order compelling non-party SDS Imports, LLC ("SDS") to produce the documents requested in the underlying subpoena in compliance with Rule 45. As grounds in support thereof, Mossberg respectfully states the following:

1. Mossberg has been sued by Plaintiffs Eric Lemoine and TTC Performance Products, Inc., d/b/a Black Aces (collectively, "Plaintiffs") in a matter pending in the United States District Court—District of Connecticut, Case No.: 3:18-CV-01270-KAD (the "Litigation"). Plaintiffs' claims against Mossberg assert *inter alia* infringement of United States Patent No. 8,756,846 (the "'846 Patent").

2. Through the course of discovery, it has been disclosed that Plaintiffs have a business relationship with SDS, including but not limited to entering into an exclusive license agreement with SDS regarding the asserted '846 Patent.

3. Mossberg seeks documents related to the exclusive license agreement between SDS and Plaintiffs, and the subject matter of the Litigation. The documents sought from SDS are highly relevant to key issues in the Litigation, including the proper interpretation and alleged infringement of the '846 Patent (e.g., how the '846 Patent is interpreted by SDS and Plaintiffs to cover shotguns sold by SDS which include only one shotshell extractor, whereas claim 1 of the '846 Patent requires two extractors, among other relevant differences), validity of the '846 Patent (e.g., whether shotguns sold by SDS prior to the filing of the '846 Patent and which accepted a removeable box magazine, including the SAS-12 shotgun, invalidate the '846 Patent), and alleged damages (e.g., the circumstances surrounding the exclusive license granted to SDS, including SDS's costs and profits for their licensed guns, are relevant to Plaintiffs' claim for damages), among others. Plaintiffs failed to produce documents related to the SDS license agreement, which forced Mossberg to incur the cost of issuing the underlying subpoena to SDS, a limited liability company located in the Eastern District of Tennessee.

4. In compliance with E.D. Tenn. L.R. 37.2, a true and correct copy of the subpoena served on SDS is submitted with this Motion as Exhibit 1 to the Declaration of Jacob Song.

5. The subpoena to SDS required the production of responsive documents by May 16, 2019.

6. To date, SDS has not served or filed objections to Mossberg's subpoena, pursuant to Fed. R. Civ. P. 45(c)(2)(B).

7. After failing to receive any responses, objections, or responsive documents to Mossberg's subpoena, Mossberg's counsel sent correspondence to SDS on June 3, 2019 to inquire about compliance with that subpoena.

8. On June 10, 2019, SDS provided a partial document production responsive to Mossberg's subpoena; through correspondence between Mossberg and SDS, SDS confirmed that it was withholding other responsive documents. Mossberg explained in follow-up communications that the withheld documents needed to be produced pursuant to the subpoena.

9. Prior to the filing of this motion, Mossberg attempted to meet and confer with SDS on numerous occasions, but received no response.

10. SDS's failure to serve objections to Mossberg's subpoena results in a waiver of any and all objections. *See In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *Whitlow v. Martin*, 263 F.R.D. 507, 510 (C.D. Ill. 2009).

WHEREFORE, in consideration of the foregoing and the supporting papers, Mossberg respectfully requests that this Court enter an order compelling SDS to comply with Mossberg's subpoena to produce the requested documents.

Dated this 17th day of September, 2019.

KUTAK ROCK LLP

By: /s/ Gregory Crochet
Gregory R. Crochet
BPR No. 026962
303 Peachtree Street, NE, Suite 2750
Atlanta, GA 30308-3218
Phone (404) 222-4600
greg.crochet@kutakrock.com

Jacob Song (*Pro Hac Vice* forthcoming)
California Bar No. 265371
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595
Phone (949) 417-0999
jacob.song@kutakrock.com

Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2019, a true and correct copy of this document was served on counsel for all parties of record or their counsel in this matter by delivering to the address of said parties or their counsel, by placing the same in the United States Mail addressed to the parties or to the office of the counsel, postage pre-paid, as follows:

Bruce H. Raymond
Evan K. Buchberger
Raymond Law Group LLC
100 Sycamore Street
Suite 1
Glastonbury, CT 06062

SDS Imports, LLC
c/o Scott Huff, Registered Agent
706 Mize Farm Ct.
Maryville, TN 37083

Lou Gigliotti, Jr.
Louis R. Gigliotti, PA
1605 Dewey Street
Hollywood, FL 33020

*/s/ Gregory Crochet*
Gregory R. Crochet
BPR No. 026962
303 Peachtree Street, NE, Suite 2750
Atlanta, GA 30308-3218
Phone (404) 222-4600
greg.crochet@kutakrock.com